Alfonso FORNEY, Petitioner–
Appellant,

v.

R.K. WOODS, Respondent–Appellee.

No. 07–3701–pr.

United States Court of Appeals,
Second Circuit.

April 16, 2009.

Sally Wasserman, New York, NY, for Appellant.

Solomon Neubort, Assistant District Attorney (Leonard Joblove, Assistant District Attorney, on the brief), for Charles J. Hynes, District Attorney of Kings County, Brooklyn, NY, for Appellee.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner-appellant Alfonso Forney appeals from a judgment of the District Court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which petitioner alleged that (1) his plea in state court was not knowing and voluntary, and was accepted in violation of the Fifth Amendment to the United States Constitution, *see Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); and (2) he received ineffective assistance of counsel during his plea and sentencing proceedings in state court in violation of the Sixth Amendment to the United States Constitution, *see Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In May 2001, following a jury trial in state court at which petitioner was convicted of sodomy in the first degree. In March 2003, the Appellate Division, Second Department, vacated the conviction on the grounds that the trial court had improperly denied petitioner the right to represent himself. *See People v. Forney,* 303 A.D.2d 763, 763, 757 N.Y.S.2d 455 (2d Dep't 2003). On July 24, 2003, petitioner

pleaded guilty to one count of attempted sodomy in the first degree in exchange for a promised sentence of four years' imprisonment—effectively, time served—and a five-year period of post-release supervision.

At a sentencing hearing on August 7, 2003, after the court reviewed the terms of post-release supervision, petitioner's counsel moved to withdraw his plea on two grounds: (1) petitioner was "unclear about the[ ] conditions of post-release supervision," and (2) petitioner "[wa]s not guilty." J.A. 50 (Tr. of Proceedings, Aug. 7.2003, 15:12–17). Addressing the court directly, petitioner himself explained that he was concerned about two post-release requirements: (1) having to maintain employment ("I like to have [the] freedom to do what I want to do. For me to be forced to maintain employment, this is something I'm going to violate immediately. I don't work."); and (2) a curfew ("I'm twenty-five years old. I got to go by a curfew?"). J.A. 52 (Tr. of Proceedings, Aug. 7, 2003, 17:9–12, 17–18). The trial court denied petitioner's motion to withdraw his plea, and the Appellate Division, Second Department, unanimously affirmed. *See People v. Forney*, 17 A.D.3d 481, 481, 792 N.Y.S.2d 335 (2d Dep't 2005) ("The plea minutes indicate that the defendant knowingly, intelligently, and voluntarily entered his plea of guilty."). The New York State Court of Appeals denied petitioner's application for leave to appeal. *See People v. Forney*, 5 N.Y.3d 762, 762, 801 N.Y.S.2d 256, 834 N.E.2d 1266 (2005).

Petitioner initiated habeas corpus proceedings in January 2006. In an unpublished Memorandum and Order entered August 1, 2007, the District Court denied relief, principally on ground that a court is not obliged to inform a defendant prior to a guilty plea of the conditions of post-release supervision that might be imposed on him. The District Court concluded that any other defects in the plea were harmless. Nevertheless, the District Court granted a certificate of appealability on September 14, 2007.

We review a district court's grant or denial of a writ of habeas corpus *de novo* and its findings of fact for clear error. *See, e.g., Clark v. Perez*, 510 F.3d 382, 389 (2d Cir.2008). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may grant habeas corpus relief on a claim adjudicated on the merits in state court only if the adjudication was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Upon review of the record before us, we cannot say that the state court's adjudication was contrary to clearly established Federal law or involved an unreasonable determination of the facts. We agree with the Appellate Division's conclusion that petitioner "knowingly, intelligently, and voluntarily entered his plea of guilty." *Forney*, 17 A.D.3d at 481, 792 N.Y.S.2d 335; *accord Brady*, 397 U.S. at 748, 90 S.Ct. 1463 (holding that guilty pleas "not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences").

We have considered petitioner's remaining arguments, including his claim of ineffective assistance of counsel, *see Strickland*, 466 U.S. at 687, 104 S.Ct. 2052, and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.